USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03 MAY 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELVIS MOTA,

                     Plaintiff,

    -against-

ROBERT STRELL; TODD LEPKOTKER; other unknown named in their individually and official capacities as Special Agents of D.E.A.; PETER K. LEISURE, in his individual capacity; PETER K. LEISURE, in his official capacity as U.S. District Judge for the Southern District of New York; JESSE M. FURMAN, in his individual capacity; JESSE M. FURMAN in his Official Capacity as Assistant of U.S. Attorney for the Southern District of New York; ALEXANDER J. WILLSCHER, in his individual capacity; ALEXANDER J. WILLSCHER, is his Official Capacity as Assistant of U.S. Attorney for the Southern District of New York; D. DOINO, in her official capacity as Probation Officer, U.S. District Court for the Southern District of New York; M. SANTIAGO, in his individual capacity; M. SANTIAGO, in his official capacity as Pro Se Clerk, U.S. District Court for the Southern District of New York; TIMOTHY RANDELL, in his official capacity as Immigration Enforcement Agent; U.S. DEPARTMENT OF JUSTICE; IMMIGRATION AND NATURALIZATION SERVICE,

                     Defendants.

------------------------------------------------------------X

ORDER OF DISMISSAL

10 Civ. 9543 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

      By Order dated March 17, 2011, Plaintiff's claims against Defendant "Drug Enforcement Agency" and the individual Defendants were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), Fed. R. Civ. P. 12(h)(3), and the doctrine first articulated in Heck v. Humphrey, 512 U.S. 477 (1994).[1] Plaintiff was granted leave to submit an Amended Complaint within sixty (60) days of the date of that Order in which he had to demonstrate why any of his

---

[1] Plaintiff appears *pro se* and is currently incarcerated in the Adams County Correctional Center in Natchez, Mississippi. He has been granted *in forma pauperis* status.

claims against Defendants Strell and Lepkotker in their individual capacities that were not barred by Heck and arising out the arrest and search of Plaintiff on November 30, 2005 were timely. On April 11, 2011, Plaintiff filed an Amended Complaint raising claims for damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). For the following reasons, the Amended Complaint is dismissed.

## STANDARD OF REVIEW

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Reference is made to the background stated in the Court's March 17, 2011 Order. Plaintiff's claims arise out of his arrest by Defendants Strell and Lepkotker, federal Drug Enforcement Administration agents; his subsequent prosecution in this Court by Defendants Furman and Willscher, Assistant United States Attorneys; and his conviction and sentencing in a criminal case in this Court presided over by Defendant Leisure, then a United States District Judge of this Court, and assisted by Defendant Doino, a Probation Officer of this Court. Plaintiff raises additional claims against Defendant Santiago, a clerk of the Court's *Pro Se* Office, in both her official and individual capacities, arising out of a December 15, 2009 letter written by her to Plaintiff informing him that a case brought by him was closed. Plaintiff raises claims against

Defendant Randell, who appears to be an agent of the former federal agency Defendant Immigration and Naturalization Service ("INS") and Defendant United States Department of Justice ("DOJ"), in his official capacity, arising out his issuance of an immigration detainer upon Plaintiff as a result of his conviction. Plaintiff also appears to raise additional claims against Defendants Furman and Willscher. Such claims arise out of their alleged conspiracy with correctional personnel at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto") to interfere with Plaintiff's First Amendment rights and his right to access to the courts while incarcerated there by having correctional personnel segregate and read his legal mail.[2] The alleged conspiracy also includes Defendants Furman and Willscher sending to Plaintiff "fictitious legal mails." In addition, Plaintiff raises claims of negligence and false imprisonment against former United States Attorney for the Southern District of New York, Michael J. Garcia, arising from his supervision of Defendants Furman and Willscher, though Garcia is not named as a Defendant in the Amended Complaint.

## SOVEREIGN IMMUNITY

For the reasons discussed in the Court's March 17, 2011 Order, Plaintiff's claims against Defendants DOJ and INS, and all of Plaintiff's claims against all of the individual Defendants and Garcia in their official capacities are dismissed pursuant to the doctrine of sovereign immunity.[3]

---

[2] Plaintiff cities as an example of this interference an Order of this Court dated September 9, 2010, in which his Petition for a Writ of *Habeas Corpus* brought under 28 U.S.C. § 2241 was transferred to the United States Court of Appeals for the Second Circuit as a second or successive application under 28 U.S.C. § 2255. Mota v. Laughlin, No. 10 Civ. 6698 (S.D.N.Y. Sept. 9, 2010). Plaintiff has attached a copy of that Order to his Amended Complaint, but he alleges that his Petition was transferred to the United States District Court for the Southern District of Mississippi. (Amend. Compl. at 7.)

[3] To the extent Plaintiff raises claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, arising out of the alleged tortious conduct of Garcia within the scope of his office, Plaintiff's claims are dismissed. Plaintiff has failed to allege any facts demonstrating exhaustion of the prerequisite administrative requirements to bring FTCA claims. See 28 U.S.C. § 2675(a); Wyler v. United States, 725 F.2d 156, 159 (2d Cir. 1983); Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983).

3

## JUDICIAL IMMUNITY

For the reasons discussed in the Court's March 17, 2011 Order, Plaintiff's claims against Defendants Leisure and Santiago in their individual capacities are dismissed pursuant to the doctrine of judicial immunity.

## PROSECUTORIAL IMMUNITY

For the reasons discussed in the Court's March 17, 2011 Order, Plaintiff's claims against Garcia and Defendants Furman and Willscher in their individual capacities arising of their prosecution of Plaintiff in this Court are dismissed pursuant to the doctrine of prosecutorial immunity.

## PLAINTIFFS REMAINING CLAIMS AGAINST DEFENDANTS FURMAN & WILLSCHER

To the extent Plaintiff raises Bivens claims against Defendants Furman and Willscher in their individual capacities arising out of their alleged conspiracy with correctional personnel at FCI Loretto to violate Plaintiff's rights by having his legal mail segregated and read by correctional personnel and by sending him "fictitious legal mails," such claims must be dismissed. Such claims of conspiracy are "unsupported, speculative, . . . conclusory" and are vague. See Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990); Cho v. Bush, No. 07 Civ. 7722, 2003 WL 346040, at *2 (S.D.N.Y. Feb. 7, 2008) (discussion of conspiracy in the Bivens context). Therefore, such claims are dismissed.

## CLAIMS AGAINST DEFENDANTS STRELL AND LEPKOTKER

For the reasons discussed in the Court's March 17, 2011 Order, Plaintiff's claims against Defendants Strell and Lepkotker in their individual capacities, arising out of Plaintiff's arrest, subsequent prosecution, and conviction in this Court, that, if successful, would necessarily undermine his conviction are barred and dismissed pursuant to the doctrine first articulated in Heck. Plaintiff was given leave to file an Amended Complaint to demonstrate why any of his remaining claims against these Defendants in their individual capacities that would not necessarily undermine his conviction pursuant to Heck would be timely. Yet, Plaintiff has failed

4

to allege any facts demonstrating why such claims are timely. Therefore, such claims are dismissed as untimely.

## CONCLUSION

Plaintiff's Amended Complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), Fed. R. Civ. P. 12(h)(3), and the doctrine first articulated in Heck.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

0 3 MAY 2011

GEORGE B. DANIELS
United States District Judge

Dated:
New York, New York

5